## A. D. GROHEGAN *v.* DORSEY BULER'S ADMR.

**Wills—Construction—Life Estate or In Trust.**

The devise is, of the estate to her "her lifetime or as long as she remains unmarried, for the support of my children."

**Held,** that the devise was to the wife in trust for the testator's children.

### APPEAL FROM LEWIS CIRCUIT COURT.

June 19, 1871.

OPINION BY JUDGE HARDIN :

The only material question to be decided on this appeal is, whether by the second clause of the will of Dorsey Buler, Sr., his widow, Eleanor Buler, was vested with a life estate in the testator's property for her own use and benefit in the event of her remaining unmarried, charged with the support of his children, or only took the estate in trust for them?

The devise is, of the estate to her, "her lifetime or as long as she remains unmarried, for the support of my children."

This court construes this provision as simply a devise of the estate to Mrs. Buler in trust for the testator's children, consequently we are of the opinion that the estate reported in this case as assets in the hands of W. W. Buler, as administrator of Eleanor Buler, but which we conclude is but the accumulation of the devised property, belonged to the devisees of Dorsey Buler, Sr., and Dorsey Buler, Jr., had a vested interest in it which his mortgage to Grohagen operated to assign to him as security for his debt; and the judgment is erroneous in so far as it fails to conform to this view and so determine the rights of the parties.

This conclusion renders it immaterial whether the advancements charged were made by Dorsey Buler, Sr., or by Mrs. Buler out of the estate in her hands, as in either case it was right to charge them. For. the error indicated the judgment is reversed and the cause remanded for a judgment in conformity with this opinion.

*Cofer & Montgomery, for appellant.*

*Johnson, for appellee.*